IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS D. WATSON, | : | |
| Plaintiff | : | |
| v. | : | 5:07-CV-226 (CAR) |
| VICTOR INSULATORS, INC., | : | |
| Defendant. | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Victor Insulators, Inc.'s ("Victor") Motion to Dismiss [Doc. 32] in which Victor contends that Plaintiff's Complaint should be dismissed as untimely. For the reasons expressed herein, Defendant's Motion is **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

According to the facts alleged in the Complaint, on June 25, 2005, Plaintiff was working as a lineman with BellSouth when a power line above him collapsed, struck him, and severely injured him. Plaintiff alleges he was severely burned, almost died, lost his right arm, suffered severe internal injuries, burning, and scarring, and was hospitalized for thirty-eight days. Plaintiff has been unable to return to work and may be disabled from work for the remainder of his life. Plaintiff contends that the power line collapsed because the insulator broke into two pieces, separating the line from the power pole crossbar. The insulator was manufactured in 1980, sold to the Crisp County Power Commission, and installed by Crisp County Power Commission employees in 1982.

Plaintiff Watson filed three separate lawsuits in this Court against the various entities that

he believes manufactured the lines or were in some way responsible for the lines and thus his injuries. See *Watson v. Lapp Insulators et al.*, Civil Action No. 5:07-CV-226; *Watson v. Gould i-t-e et al.*, 5:07-CV-306; and *Watson v. Victor Insulators, Inc.*, 5:07-CV-312. Plaintiff first sued Lapp Insulator because he believed Lapp manufactured the insulator in question. See Civil Action 5:07-CV-226. Following service of that suit, Plaintiff learned that the insulator was manufactured by Defendant Gould I-T-E, a company that allegedly sold its insulator business to Defendant ABB, and thus filed suit against those entities. See 5:07-CV-306. After Plaintiff learned that Gould had been acquired by Victor Insulator Company, and it appeared that Victor had been sold to Lapp, Plaintiff filed the third case against Victor. See Civil Action 5:07-CV-312.

This Court dismissed Plaintiff's Complaint against Gould as untimely and consolidated the Lapp and Victor cases. After consolidation, the parties in the Lapp case stipulated to dismissal, thus leaving the instant case against Victor.

Plaintiff filed the instant Complaint against Victor on August 13, 2007, alleging negligence and strict liability "failure to warn" claims. This remaining case is now before the Court on Victor's Motion to Dismiss in which Victor contends that the two-year statute of limitations applicable to Plaintiff's claims ran before the lawsuit was filed. Plaintiff filed no response to the Motion.

**ANALYSIS**

A.  *Motion to Dismiss Standard*

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236

(1974). Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "[F]ailure to comply with the statute of limitations may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint." Foster v. Savannah Communication, 140 Fed. Appx. 905, 907 (11th Cir. 2005) (citation omitted).

B.     *Applicable Statute of Limitations*

Pursuant to Erie v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), a federal court in a diversity action must apply the controlling substantive law of the state. In Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945), the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions. See also Cambridge Mut. Fire Ins. Co. v. Claxton, 720 F.2d 1230, 1232 (11th Cir. 1983). Accordingly, Georgia's statute of limitations for personal injury claims is controlling in this matter. Under Georgia law, the statute of limitations for a personal injury claim is two years. Daniel v. American Optical Corp., 251 Ga. 166, 167, 304 S.E.2d 383, 386 (1983) (citing O.C.G.A. § 9-3-33). In an action for personal injury in Georgia, "the statute of limitations commences at the time the damage or injury is actually sustained." Everhart v.

3

Rich's, Inc., 229 Ga. 798, 801 (1972), cited in Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987).

Plaintiff Watson was injured on June 25, 2005, and did not file this lawsuit until August 13, 2007, two years and forty-nine days after he was injured. Because all of Plaintiff's claims relate to his personal injuries, Plaintiff was required to file this action no later than June 25, 2007, which he did not do. Plaintiff does not provide any argument that the two-year limitation period should be tolled, nor does Plaintiff allege any facts sufficient to support a tolling argument.

## CONCLUSION

As explained above, Plaintiff failed to file this action within the applicable two-year statute of limitations, and thus Defendant's Motion to Dismiss [Doc. 32] this action as untimely is **GRANTED**.

**SO ORDERED this 24th day of April, 2008.**

**s/ C. Ashley Royal**
**C. ASHLEY ROYAL**
**UNITED STATES DISTRICT JUDGE**

SSH